UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO ANTHONY REYES,<br><br>                Petitioner,<br><br>     vs.<br><br>MATHEW CATE, Secretary,<br><br>                Respondent. | ) Case No. CV 10-149-PA (RNB)<br>)<br>)<br>) ORDER TO SHOW CAUSE<br>)<br>)<br>)<br>)<br>) |

On January 19, 2010, petitioner (through counsel) filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein. The Petition purports to state four grounds for relief.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed

---

[1] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

of on the merits by the highest court of the state. <u>See</u> <u>James v. Borg</u>, 24 F.3d 20, 24 (9th Cir.), <u>cert.</u> <u>denied</u>, 513 U.S. 935 (1994); <u>Carothers v. Rhay</u>, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings <u>both</u> the operative facts and the federal legal theory on which his claim is based. <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. <u>See</u>, e.g., <u>Brown v. Cuyler</u>, 669 F.2d 155, 158 (3d Cir. 1982).

Here, it appears from the face of the Petition that petitioner did not exhaust his state remedies with respect to two of his four grounds for relief. Specifically, it appears that Grounds Three and Four were raised for the first time in a habeas petition that currently is pending before the California Supreme Court.

Accordingly, petitioner's inclusion of Grounds Three and Four in the Petition renders the Petition a "mixed petition" containing both exhausted and unexhausted claims. If it were clear here that petitioner's unexhausted claims were procedurally barred under state law, then the exhaustion requirement would be satisfied. <u>See</u> <u>Castille v. Peoples</u>, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); <u>Johnson v. Zenon</u>, 88 F.3d 828, 831 (9th Cir. 1996); <u>Jennison v. Goldsmith</u>, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court would hold that petitioner's unexhausted claims are procedurally barred under state law, if petitioner were to raise them in a habeas petition to the California Supreme Court (which being an original proceeding is not subject to the same timeliness requirement as a Petition for Review of a Court of Appeal decision). <u>See</u>, e.g., <u>In re Harris</u>, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993)

(granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either statutory "exception" to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court. See 28 U.S.C. § 2254(b)(1)(B).

Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose , 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731, 115 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); Castille, 489 U.S. at 349. However, more recently, the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) (holding "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court"). Under Rhines, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are: (a) that the petitioner show good cause for his failure to exhaust his claims first in state court; (b) that the unexhausted claims not be "plainly meritless"; and (c) that petitioner not have engaged in "abusive litigation tactics or intentional delay." See id. at 277-78. Here, the Court notes that, while petitioner referenced an accompanying Application to Stay and Abey in ¶ 10 of the Petition, no such application has yet been filed. Thus, he has not made any of the requisite showings for stay-and-abeyance. Moreover, at least with respect to Ground Three of the Petition, the Court is dubious about whether petitioner can make the requisite showing of good cause, given that one of his previous California Supreme Court habeas petitions contained ineffective assistance of counsel claims similar to

Ground Three.[2]

IT THEREFORE IS ORDERED that, on or before February 5, 2010, petitioner either file his stay-and-abeyance application (if he believes he can make the requisite showings) or show cause in writing, if any he has, why the Court should not recommend that this action be dismissed without prejudice for failure to exhaust state remedies unless petitioner withdraws his unexhausted claims.

DATED: January 20, 2010

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[2]  The Court subscribes to the view that a pro se habeas petitioner's lack of legal training, difficulty in obtaining facts while incarcerated, lack of legal resources, and/or lack of knowledge of the law are not sufficient to satisfy Rhines's "good cause" requirement.  See Barno v. Hernandez, 2009 WL 2448435, *5 (S.D. Cal. Aug. 10, 2009) (holding that petitioner's allegations of lack of education and legal training, scarcity of relevant legal materials in prison law library, limited access to law library, difficult time obtaining facts and witnesses while in custody, and lack of resources to retain legal assistance were insufficient to show good cause under Rhines); Smith v. Giurbino, 2008 WL 80983, *2 (S.D. Cal. Jan. 7, 2008) (holding that petitioner's allegations of lack of legal knowledge, illness, and lack of knowledge of the facts were insufficient to show good cause under Rhines); see also, e.g., Weese v. Hudson, 2007 WL 3232449, *1 (N.D. Ohio Nov. 1, 2007) (holding that "ignorance of the law is insufficient to establish good cause for a habeas petitioner's failure to exhaust state remedies"); Lanton v. Lafler, 2007 WL 2780552, *2 (E.D. Mich. Sept. 24, 2007) ("The Court does not find ignorance of the law to be a "good cause" basis for failing to exhaust state court remedies.").  Otherwise, the Supreme Court's observation in Rhines that "stay and abeyance should be available only in limited circumstances" would be eviscerated because virtually every pro se habeas could show "good cause" for his failure to present his unexhausted claims first to the state courts.