O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

LEO ANTHONY REYES,                    ) Case No. CV 10-149-PA (RNB)
                        Petitioner,   )
                                      )
            vs.                       ) REPORT AND RECOMMENDATION
                                      ) OF UNITED STATES MAGISTRATE
DARREL ADAMS, Acting                  ) JUDGE
Warden,                               )
                                      )
                        Respondent.   )
_____)

   This Report and Recommendation is submitted to the Honorable Percy
Anderson, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636
and General Order 194 of the United States District Court for the Central District of
California.


## PROCEEDINGS

   On January 19, 2010, petitioner (through counsel) filed a Petition for Writ of
Habeas Corpus by a Person in State Custody ("Pet.") herein, supported by an attached
Memorandum of Points and Authorities ("Pet. Mem."). The Petition purported to
state four grounds for relief. However, it appeared from the face of the Petition that
Grounds 3 and 4 had been raised for the first time in a habeas petition that then was
pending before the California Supreme Court; and that petitioner's inclusion of those

1

grounds in the Petition therefore rendered the Petition a "mixed petition" that was subject to dismissal under the total exhaustion rule of <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982), unless petitioner could make the requisite showing for stay-and-abeyance under <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).

Accordingly, the Court issued an Order on January 20, 2010 requiring petitioner to either file a stay-and-abeyance application (if he believed he could make the requisite showings) or show cause in writing why the Court should not recommend that this action be dismissed without prejudice for failure to exhaust state remedies unless petitioner withdrew his unexhausted claims.

Following an extension of time, petitioner filed an "Application to Stay Proceedings Pending Exhaustion of State Court Remedies" on March 4, 2010, wherein he conceded that Grounds 3 and 4 were unexhausted. (<u>See</u> Application at 3, 5.)  Respondent thereafter filed opposition to petitioner's stay application, and petitioner filed a reply thereto.

Per an Order issued on April 9, 2010, the Court denied petitioner's stay application based on its concurrence with respondent that petitioner had failed to demonstrate "good cause" for not exhausting Grounds 3 and 4 prior to the filing of the Petition herein.  The Court stated in its Order that it would afford petitioner twenty-eight (28) days to either voluntarily dismiss the Petition without prejudice or file a notice of withdrawal of his two unexhausted claims.  Further, the Court forewarned petitioner that, if he failed to do either (and the exhaustion issue had not been rendered moot in the meantime), the Court would recommend that the Petition be dismissed without prejudice as a "mixed petition." <u>See Rose</u>, 455 U.S. at 518-22.

On April 29, 2010, petitioner filed a Notice advising that he was withdrawing Grounds 3 and 4 of the Petition and requesting that the Court proceed on Grounds 1 and 2.  The Court thereupon issued an Order requiring respondent to file an Answer addressing the merits of Grounds 1 and 2.  The deadline for the filing of respondent's

1   Answer ultimately was extended to October 26, 2010.

2        On October 13, 2010, respondent filed a motion for a stay of proceedings

3   pending the California Supreme Court's resolution of People v. Albillar. According

4   to respondent, one of the prospective issues to be decided in Albillar was whether the

5   Ninth Circuit's interpretation of California's gang enhancement statute was correct

6   and the Ninth Circuit had recently requested in Emery v. Clark, 604 F.3d 1102 (9th

7   Cir. 2010), that the California Supreme Court resolve the conflict between the

8   intermediate state appellate courts and the Ninth Circuit over the proper interpretation

9   of the gang enhancement statute.   Thus, the prospective decision in Albillar would

10   govern the determination of the insufficiency of the evidence claim being alleged in

11   Ground 1 of the Petition.   In petitioner's ensuing opposition to respondent's stay

12   motion, petitioner stated that he opposed for several reasons the stay sought by

13   respondent, but that, in the alternative, he would agree to the stay if this Court would

14   reconsider its ruling regarding the stay previously sought by petitioner pending the

15   California Supreme Court's ruling on his habeas petition in Case No. S170490.

16        Per a Minute Order issued on October 26, 2010, the Court noted that

17   petitioner's counsel had mistakenly identified petitioner's pending California

18   Supreme Court habeas petition.   The habeas petition in Case No. S170490 had been

19   denied by the California Supreme Court on July 8, 2009.   Petitioner's pending

20   California Supreme Court habeas petition was Case No. S179618. As for petitioner's

21   alternative request, the Court advised that, since petitioner had withdrawn Grounds

22   3 and 4, his renewed stay request no longer was governed by Rhines.   Rather, it was

23   governed by the stay and abeyance procedure approved in Calderon v. United States

24   Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.), cert. denied, 525 U.S. 920

25   (1998) and Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004), overruled on other

26   grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007).   The Rhines

27   "good cause" limitation does not apply to the "Kelly procedure."   Under the Kelly

28   procedure, the Court has the discretion to stay and hold in abeyance a fully exhausted

1   petition in order to provide the petitioner with the opportunity to proceed to state

2   court to exhaust his unexhausted claims. Then, once the claims have been exhausted

3   in state court, the petitioner may return to federal court and amend his stayed federal

4   petition to include the newly-exhausted claims. See King v. Ryan, 564 F.3d 1133,

5   1139-40 (9th Cir.), cert. denied, 130 S. Ct. 214 (2009); Kelly, 315 F.3d at 1070-71;

6   see also Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005); James v. Pliler, 269 F.3d

7   1124, 1126-27 (9th Cir. 2002); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir.

8   2000), cert. denied, 533 U.S. 941 (2001); Taylor, 134 F.3d at 987-88.[1]  The Court

9   ordered respondent to address in a reply both petitioner's opposition to respondent's

10  stay motion and his alternative request.

11        In his ensuing reply, respondent stated that he did not oppose a Kelly stay, but

12  reserved the right to oppose a future motion to amend the Petition to reassert Grounds

13  3 and 4 on the basis that they did not relate back to one of the originally exhausted

14  claims and therefore were untimely.  After duly considering respondent's Reply, the

15  Court issued a Minute Order on November 9, 2010 (a) granting respondent's Motion

16  for Stay, and (b) also granting petitioner's renewed request for a stay, which the Court

17  stated it was construing as a request for a stay under the Kelly procedure.  However,

18  after the Court's review of the California Appellate Courts website revealed that the

19  California Supreme Court had denied petitioner's habeas petition in Case No.

20  S179618 on December 15, 2010 with citations to In re Robbins (1998) 18 Cal. 4th

21  770, 780 and In re Clark (1993) 5 Cal. 4th 750, which signified that the petition was

22

23  _____

24        [1]        However, for purposes of satisfying the one-year statute of limitations

25  imposed by 28 U.S.C. § 2244(d), the newly exhausted claims do not necessarily relate
    back to the filing of the original Petition.  See King, 564 F.3d at 1140-41; see also

26  Mayle v. Felix, 545 U.S. 644, 664, 125 S. Ct. 2562, 162 L. Ed 2d 852 (2005) (holding

27  that an amended habeas petition "does not relate back (and thereby escape AEDPA's
    one-year time limit) when it asserts a new ground for relief supported by facts that

28  differ in both time and type from those the original pleading set forth").

1   being denied for untimeliness,[2] the Court issued a superseding Minute Order on
2   December 22, 2010.  If petitioner still desired to pursue his newly exhausted claims
3   and believed he could overcome the AEDPA time bar with respect to those claims,
4   he was ordered to file a motion to amend his federal habeas petition to add his newly
5   exhausted claims on or before January 21, 2011.

6       On January 18, 2011, petitioner filed a Motion to Amend the Petition to add his
7   newly exhausted claims.  Concurrently, he lodged a proposed Amended Petition
8   ("Proposed Am. Pet."), supported by an attached Memorandum of Points and
9   Authorities ("Am. Pet. Mem.").  Although petitioner asserted in his Motion that his
10  two newly exhausted claims were not time barred, he did not elaborate on this
11  conclusory assertion.  In respondent's opposition to petitioner's Motion to Amend
12  ("Opp.") filed on February 7, 2011, respondent contended that the two newly
13  exhausted claims were time barred.  However, petitioner failed to file a reply to
14  respondent's opposition within the allotted time or request an extension of time to do
15  so.

16      For the reasons discussed hereafter, the Court now recommends that
17  petitioner's Motion to Amend be denied.

18
19                              **BACKGROUND**

20      On October 13, 2006, petitioner was convicted by a Los Angeles County
21  Superior Court jury of two counts of second degree murder, one count of attempted
22  murder, and one count of shooting into an occupied vehicle.  The jury also found true
23  the sentence enhancement allegations that a principal personally and intentionally

24  _____

25      [2]   See Bennett v. Mueller, 322 F.3d 573, 581-83 (9th Cir.) (recognizing
26  California's untimeliness bar is represented by citations to Robbins and Clark), cert.
27  denied, 540 U.S. 938 (2003); see also Walker v. Martin, - U.S. -, 2011 WL 611627,
    *3 (U.S. Feb. 23, 2011) ("California courts signal that a habeas petition is denied as
28  untimely by citing the controlling decisions, i.e., Clark and Robbins.").

1    discharged a firearm, and that the crimes were committed for the benefit of a criminal

2    street gang.  At a sentencing hearing held on January 18, 2007, the trial court

3    sentenced petitioner to an aggregate term of 40 years to life in state prison. (See Pet.

4    at ¶ 2; Pet. Mem. at 1-2.)

5    Petitioner appealed, raising claims encompassing Grounds 1 and 2 of the

6    Petition herein.  (See Pet. at ¶ 3.)  On January 23, 2008, the California Court of

7    Appeal affirmed the judgment of conviction.  (See id.) Petitioner then petitioned the

8    California Supreme Court for review, again raising claims encompassing Grounds 1

9    and 2 of the Petition herein and also joining in arguments raised by his co-defendant.

10   (See Pet. at ¶ 4.) On April 30, 2008, the California Supreme Court denied the Petition

11   for Review.  (See id.; Respondent's Notice of Lodging, Lodged Document ("LD") 2.)

12   Petitioner's first collateral challenge took the form of a pro se petition for writ

13   of habeas corpus constructively filed in the California Supreme Court on or about

14   May 11, 2008.[3] Petitioner raised therein two ineffective assistance of counsel claims,[4]

15   as well as an illegal search and seizure claim. (See LD 3.) On February 11, 2009, the

16   California Supreme Court summarily denied petitioner's habeas petition without

17   citation of authority. (See LD 4.)

18   Meanwhile, on February 10, 2009 (signature date), petitioner had

19   constructively filed a second pro se habeas petition in the California Supreme Court.

20   ──────────────────

21   [3]      May 11, 2008 is the signature date and thus the earliest date on which

22   petitioner could have turned the petition over to the prison authorities for mailing.

23   See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) (holding that the prison

     mailbox rule applies to a habeas petitioner's state and federal filings); Huizar v.

24   Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (same).

25   [4]      Although the two ineffective assistance of counsel claims raised in

26   petitioner's pro per petition on their face correspond to the two ineffective assistance

     of counsel claims alleged in Ground 3 of petitioner's original Petition herein,

27   petitioner has never disputed that Ground 3 was unexhausted at the time he filed the

28   Petition herein.

1  The sole claim alleged therein was a cumulative error claim.  (See LD 5.)  That
2  petition was summarily denied by the California Supreme Court on July 8, 2009 with
3  citations to In re Clark, 5 Cal. 4th 750 (1993); In re Waltreus, 62 Cal. 2d 218 (1965);
4  In re Lindley, 41 Cal. 2d 756 (1947); and In re Dixon, 41 Cal. 2d 756, 759 (1953).
5  (See LD 6.)

6       Petitioner's final state collateral challenge was the California Supreme Court
7  habeas petition that he filed (through counsel) on January 21, 2010, in which he
8  raised claims corresponding to Grounds 3 and 4 of his original Petition herein.  (See
9  LD 7.)  As noted above, the California Supreme Court summarily denied that petition
10 on December 15, 2010, with citations to Robbins and Clark.  (See Exhibit 2 to
11 respondent's Status Report filed December 23, 2010.)

12
13                         **PETITIONER'S CLAIMS**

14      Grounds 1 and 2 of the Petition herein (which petitioner realleged as Grounds
15 1 and 2 in his proposed Amended Petition) are as follows:

16          1.    The evidence was insufficient to support the gang-related
17      enhancement allegations that the jury had found to be true.  (See Pet. at
18      ¶ 7.a, Pet. Mem. at 16-27; see also Proposed Am. Pet. at ¶ 7.a, Am. Pet.
19      Mem. at 21-27.)

20          2.    The trial court erred in failing to instruct the jury on
21      voluntary manslaughter and attempted voluntary manslaughter based on
22      a sudden quarrel because there was substantial evidence to support these
23      instructions on the theory of the defense.  (See Pet. at ¶ 7.b, Pet. Mem.
24      at 27-42; see also Proposed Am. Pet. at ¶ 7.b, Am. Pet. Mem. at 27-37.)

25 //
26 //
27 //
28 //

7

The two newly exhausted claims that petitioner proposes to add in the Amended Petition as Grounds 3 and 4 are as follows:

> 3.    Trial counsel rendered ineffective assistance in failing to move for severance so that petitioner could testify and failing to request a jury instruction on accessory after the fact. (See Proposed Am. Pet. at ¶ 7.c; Am. Pet. Mem. at 37-45.)

> 4.    The trial court had a duty to inquire of petitioner regarding his waiving of his right to testify. (See Proposed Am. Pet. at ¶ 7.d; Am. Pet. Mem. at 45-48.)

## DISCUSSION

Since petitioner's original Petition was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). As noted above, where a district court stays a fully exhausted petition pursuant to the Kelly procedure, the newly exhausted claims do not necessarily relate back to the filing of the original Petition for purposes of satisfying the one-year statute of limitations.

In respondent's opposition to petitioner's Motion to Amend, respondent first addressed the timeliness of the proposed Amended Petition and then addressed the issue of whether, for purposes of the one-year statute of limitations, the two new claims alleged in the Amended Petition relate back to the claims alleged in petitioner's original Petition. However, since respondent does not dispute that the original Petition was timely filed, the Court has decided to address the relation back issue first.

//

//

//

8

**A.      Neither of the two new claims alleged in the proposed Amended Petition relates back to the filing of petitioner's original Petition.**

Under <u>Mayle</u>, 545 U.S. at 662, claims asserted after the one-year limitation period has expired do not relate back "simply because they relate to the same trial, conviction, or sentence as a timely filed claim." The Supreme Court held that "[a]n amended habeas petition does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." <u>Id.</u> at 650. Only if the original and amended petitions state claims that are tied to a common core of operative facts will relation back be in order. <u>See id.</u> at 664.

Thus, in <u>Mayle</u>, the Supreme Court concluded that the petitioner's amended petition, which raised a Fifth Amendment claim directed to the admission of evidence of his pretrial statements, did not relate back to his original petition, which raised only a Sixth Amendment confrontation clause claim directed to the admission of videotaped witness testimony. <u>See Mayle</u>, 545 U.S. at 648-49. The two claims were "separated in time and type" because the new claim arose from petitioner's own pretrial statements and the original claim arose from another witness's videotaped statements. <u>See id.</u> at 657; <u>see also, e.g.</u>, <u>Rhoades v. Henry</u>, 598 F.3d 511, 520 (9th Cir. 2010) (prosecutorial misconduct claims did not relate back to claims alleged in original petition concerning police misconduct, jailhouse informant testimony, and alleged judicial bias); <u>Hebner v. McGrath</u>, 543 F.3d 1133, 1139 (9th Cir. 2008), <u>cert. denied</u>, 129 S. Ct. 2791 (2009) (claim challenging jury instruction concerning prior sexual misconduct given at close of evidence did not relate back to claim alleged in original petition challenging only the admissibility at trial of evidence of that conduct).

Here, petitioner has not even purported to dispute respondent's contention that neither of the two new claims alleged in the proposed Amended Petition even arguably is tied to the same common core of operative facts as either Ground 1 or

Ground 2 of petitioner's original Petition.  Accordingly, under Mayle's same "time and type" standard, the Court finds that neither of these two new claims alleged in the proposed Amended Petition relates back to Grounds 1 or 2 of the original Petition for statute of limitations purposes.

**B.     The two unrelated claims alleged in the Amended Petition are time barred.**

28 U.S.C. § 2244(d)(1) provides:

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

//
//
//
//

1. <u>Unless a basis for tolling the statute existed, petitioner's last day to file a federal habeas petition containing his two unrelated claims was July 29, 2009.</u>

Petitioner's judgment of conviction became final on July 29, 2008, when the 90-day period expired for petitioner to petition the United States Supreme Court for a writ of certiorari from the April 30, 2008 denial of his Petition for Review. <u>See</u> <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999); <u>Calderon v. United States District Court for the Central District of California (Beeler)</u>, 128 F.3d 1283, 1286 n.2 (9th Cir. 1997), <u>cert. denied</u>, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[5]

Petitioner has made no showing that he was impeded from filing his federal petition by unconstitutional state action and thereby entitled to a later trigger date under § 2244(d)(1)(B). Moreover, petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) with respect to either of his unrelated claims because the claim is based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Nor does petitioner have any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D). Petitioner was aware of the **factual** predicate of each of his unrelated claims as of the date he was convicted. <u>See</u> <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Accordingly, the Court finds that, unless a basis for tolling the statute existed, petitioner's last day to file a federal habeas petition containing his unrelated claims

---

[5]     <u>Beeler</u> was overruled on other grounds in <u>Calderon v. United States District Court (Kelly)</u>, 163 F.3d 530, 540 (9th Cir. 1998) (en banc), <u>cert. denied</u>, 526 U.S. 1060 (1999).

1  was July 29, 2009.  See Patterson v. Stewart, 251 F.3d 1243,1246 (9th Cir. 2001);

2  Beeler, 128 F.3d at 1287-88.

3      The burden of demonstrating that the AEDPA's one-year limitation period was

4  sufficiently tolled, whether statutorily or equitably, rests with the petitioner.  See, e.g.,

5  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005);

6  Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended); Smith, 297 F.3d

7  at 814; Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  For the reasons

8  discussed hereafter, the Court finds and concludes that, with respect to his unrelated

9  claims, petitioner has not met his burden.

10

11      2.      Petitioner has not met his burden of demonstrating entitlement to

12              sufficient statutory tolling to render the lodging for filing of the

13              Amended Petition herein timely.

14  28 U.S.C. § 2244(d)(2) provides:

15          "The time during which a properly filed application for State post-

16      conviction or other collateral review with respect to the pertinent

17      judgment or claim is pending shall not be counted toward any period of

18      limitation under this subsection."

19

20      In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 529 U.S. 1104

21  (2000), the Ninth Circuit construed the foregoing statutory tolling provision with

22  reference to California's post-conviction procedures.  The Ninth Circuit held that

23  "the AEDPA statute of limitations is tolled for 'all of the time during which a state

24  prisoner is attempting, through proper use of state court procedures, to exhaust state

25  court remedies with regard to a particular post-conviction application.'"  See id. at

26  1006.

27      In Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260

28  (2002), the Supreme Court held that, for purposes of statutory tolling, a California

1  petitioner's application for collateral review remains "pending" during the intervals

2  between the time a lower state court denies the application and the time the petitioner

3  files a further petition in a higher state court.  However, such interval or "gap" tolling

4  is unavailable if the petitioner unreasonably delays in seeking higher court review

5  after a lower court petition is denied.  See id. at 225-26.

6          Here, respondent concedes that the limitation period was tolled during the time

7  petitioner's first California Supreme Court habeas petition was pending, since that

8  petition already was pending on the date petitioner's judgment of conviction became

9  final.  (See Opp. at 1.)  Thus, the pendency of that first habeas petition had the effect

10  of extending petitioner's federal filing deadline to February 11, 2010 (which rendered

11  the filing of the original Petition herein timely).

12          However, respondent contends that petitioner is not entitled to any statutory

13  tolling for the pendency of his second California Supreme Court habeas petition

14  because, according to respondent, the California Supreme Court's citation inter alia

15  of In re Clark, 5 Cal. 4th 750 (1993) in its denial order signified that the petition was

16  being denied inter alia for untimeliness and the petition therefore did not qualify as

17  having been "properly filed" within the meaning of § 2244(d)(2).  (See Opp. at 1-2.)

18  In Pace, 544 U.S. at 417, the Supreme Court held that "time limits, no matter their

19  form, are 'filing' conditions," and that "[b]ecause the state court rejected petitioner's

20  [state] petition as untimely, it was not 'properly filed,' and he is not entitled to

21  statutory tolling under § 2244(d)(2)."  See also Bonner v. Carey, 425 F.3d 1145, 1149

22  (9th Cir. 2005) ("Under Pace, if a state court denies a petition as untimely, none of

23  the time before or during the court's consideration of that petition is statutorily

24  tolled.").

25          The Court notes that, because the California Supreme Court cited Clark without

26  a pinpoint citation, the citation to Clark in this instance might have been meant to

27  signify that petitioner's second state habeas petition was  being denied for being

28  successive or for being both untimely and successive.  However, even if the Clark

13

citation was intended to signify that the petition was being denied solely for being successive, it would not change the determination that the petition was not properly filed for purposes of statutory tolling. See Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("For tolling to be applied based on a second round, the petition cannot be untimely or an improper successive petition."); Wall v. Adkins, 2010 WL 3633001, *4 (C.D. Cal. Aug. 9, 2010) ("While the state court's citation to Clark in this instance might have been meant to indicate that Petitioner's final state habeas petition was also successive, this does not change the determination that the petition was not properly filed for tolling purposes."), Report and Recommendation Adopted by 2010 WL 3632999 (C.D. Cal. Sept. 9, 2010); Goodridge v. Subias, 2010 WL 1286870, *4 (E.D. Cal. Mar. 29, 2010) ("While the citation to Clark in the California Supreme Court might have been meant to indicate that petitioner's sixth state habeas petition was also successive, this does not change the determination that the petition was not properly filed for tolling purposes."); Evans v. Marshall, 2009 WL 363741, *7 (C.D. Cal. Feb.13, 2009) ("Regardless of whether the California Supreme Court intended the Clark citation to emphasize the 'untimely' rather than the 'successive' nature of the petition, the same result follows" under 28 U.S.C. § 2244(d)(2)); Delander v. Hubbard, 2008 WL 2622856, *6 (S.D. Cal. July 1, 2008) ("This citation [to Clark] demonstrates that the court is denying the petition because it is either successive or untimely ... Although the [California Supreme Court] did not provide a pinpoint cite, California rules provide that a successive petition is by necessity a delayed petition." (citing Clark, 5 Cal. 4th at 770)); Gonzalez v. Runnels, 2008 WL 80744, *4 (E.D. Cal. Jan. 7, 2008) ("[U]nder Pace, whether the state supreme court meant to indicate that the petition was untimely or successive would be essentially a distinction without a difference in the context of statutory untimeliness under AEDPA.").

The Court therefore concurs with respondent that petitioner is not entitled to any statutory tolling of the limitation period for the pendency of his second California Supreme Court habeas petition.

14

1   Thus, by the time petitioner filed his third California Supreme Court habeas
2   petition on January 21, 2010, the one-year limitation period already had lapsed and
3   could not be reinitiated.  See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th
4   Cir.) (holding that § 2244(d) "does not permit the reinitiation of the limitations period
5   that has ended before the state petition was filed," even if the state petition was timely
6   filed), cert. denied, 540 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.
7   2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534
8   U.S. 1143 (2002).
9
10          3.      Petitioner has not met his burden of demonstrating entitlement to
11                  sufficient equitable tolling to render the filing of the original Petition
12                  herein timely.
13   The Supreme Court has held that the AEDPA's one-year limitation period also
14   is subject to equitable tolling in appropriate cases.  See Holland v. Florida, - U.S. -,
15   130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).  However, in order to be entitled to
16   equitable tolling, the petitioner must show both that (1) he has been pursuing his
17   rights diligently, and (2) some extraordinary circumstance stood in his way and
18   prevented his timely filing.  See Holland, 130 S. Ct. at 2562 (quoting Pace, 544 U.S.
19   at 418).  The Ninth Circuit has held that the Pace standard is consistent with the Ninth
20   Circuit's "sparing application of the doctrine of equitable tolling."  See Waldron-
21   Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.), cert. denied, 130 S. Ct. 244
22   (2009).   Under Ninth Circuit authority, "[t]he petitioner must show that 'the
23   extraordinary circumstances were the cause of his untimeliness and that the
24   extraordinary circumstances made it impossible to file a petition on time.'"  See
25   Porter, 620 F.3d at 959; Ramirez, 571 F.3d at 997.  "[T]he threshold necessary to
26   trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the
27   rule."   Miranda, 292 F.3d at 1066.   Thus, as the Ninth Circuit has recognized,
28   equitable tolling will be justified in few cases.  See Spitsyn v. Moore, 345 F.3d 796,

15

799 (9th Cir. 2003); see also Waldron-Ramsey, 556 F.3d at 1011 ("To apply the
doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity,
and the requirement that extraordinary circumstances 'stood in his way' suggests that
an external force must cause the untimeliness, rather than, as we have said, merely
'oversight, miscalculation or negligence on [the petitioner's] part, all of which would
preclude the application of equitable tolling.'").

Here, petitioner has not even purported to make the requisite showings for
equitable tolling.

The Court therefore finds and concludes that petitioner is not entitled to any
equitable tolling of the limitation period.

## RECOMMENDATION

IT ACCORDINGLY IS RECOMMENDED that the District Court issue an
Order: (1) approving and adopting this Report and Recommendation; and (2) denying
petitioner's Motion to Amend.

DATED:  March 4, 2011

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

16